**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

v. Case No. 1:25-cr-03108-KWR

KEANU LEE,

Defendant.

**ORDER GRANTING MOTION *IN LIMINE* TO ADMIT PORTIONS OF DEFENDANT'S JAIL CALLS**

**THIS MATTER** comes before the Court upon the United States' Unopposed Motion *in Limine* to Admit Portions of Defendant's Jail Calls **(Doc. 47)**, filed on July 17, 2026. For the reasons stated below, the Court finds that the United States' motion is well taken and, therefore, is **GRANTED**.

The Government moves to admit portions of Defendant's statements contained in his jail calls. **Doc. 47 at 1.** The Government contends that Defendant's jail call statements "are relevant, not hearsay, and their probative value is not substantially outweighed by the danger of unfair prejudice." ***Id.*** Defendant initially opposed the Motion, **Doc. 47 at 1 n. 1**. In his Response, Defendant "takes no position as to the United States' request," but reserves the right to object during trial including to improper foundation or Rule 403 issues. **Doc. 71 at 1.**

Defendant's statements on the jail calls are relevant. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Here, the selected statements from the Defendant's jail calls contain statements where Defendant seems to express remorse and

guilt. **Doc. 47 at 4.** Thus, as to relevancy, Defendant's statements tend to make it more probable that he is guilty of the charged offenses and conscious of his guilt. As these statements were made while Defendant was in custody awaiting trial for sexual abuse, the context also indicates that these statements are relevant to the offenses charged. ***Id.*** Therefore, the statements are relevant.

Defendant's jail call statements are not hearsay. Hearsay is a statement that "the declarant does not make while testifying at the current trial or hearing" and "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(1)–(2). Hearsay evidence is inadmissible unless it is subject to an exclusion or an exception. Fed. R. Evid. 801–804. Statements by an opposing party are not hearsay and are admissible unless otherwise improper. Fed. R. Evid. 801(d)(2) ("Statements that are not hearsay" include "an opposing party's statement" which is a "statement that is offered against an opposing party and . . . was made by the party in an individual or representative capacity."). Here, the Defendant's statements during the jail calls are not hearsay and are admissible under the hearsay rules.

The Government seems to move to introduce statements made by other individuals (Rachel Lee and Jarvina Lee) to Defendant on the jail call.[1] **Doc. 47 at 3.** Assuming these statements are introduced to provide context for Defendant's statements, these statements are admissible and are not hearsay. Statements "offered to establish their effect [on the listener] and provide context for [the listener's] statement" "do not constitute hearsay . . . because they are not offered to prove the truth of the matter asserted." *United States v. Smalls*, 605 F.3d 765, 785 n.18 (10th Cir. 2010); *United States v. Becknell*, 601 F. App'x 709, 712 (10th Cir. 2015) ("Testimony not offered to prove

[1] The Government's Motion *In Limine* appears to request admission of both statements made by the Defendant and the individuals that Defendant spoke with, as both are in the "transcribed portions" that the Government excerpts. **Doc. 47 at 3** ("The United States only seeks to admit the transcribed portions outlined above.").

the matter asserted that is 'offered instead for *relevant* context or background' is not hearsay."). Rachel Lee's and Jarvina Lee's statements on the phone calls are not hearsay if they are not offered for their truth, subject to further objection by Defendant.[2]

Last, Defendant's statements are not substantially more unfairly prejudicial than they are probative. The Court balances the probative value of relevant evidence against its potential for unfair prejudice to determine its admissibility. Fed. R. Evid. 403. Unfair prejudice is the evidence's tendency "to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (citation modified). "Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant *wholly apart* from its judgment as to his guilt or innocence of the crime charged." *United States v. Henthorn*, 864 F.3d 1241, 1256 (10th Cir. 2017) (quoting *United States v. MacKay*, 715 F.3d 807, 840 (10th Cir. 2013)) (emphasis added). Here, Defendant's jail call statements are probative of guilt or remorse. The risk of unfair prejudice does not outweigh this probative value as the call transcripts do not seem likely to improperly encourage the jury to find guilt "on a ground different from proof specific to the offense charged." *Old Chief*, 591 U.S. at 180.

The United States may introduce the selected portions of the jail calls into evidence provided that the evidence is properly authenticated.

**IT IS SO ORDERED.**

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

---

[2] Additionally, these statements are relevant as they show the context of Defendant's statements, and these statements are not unfairly prejudicial. Fed. R. Evid. 401, 403.