**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

v. Case No. 1:25-cr-03108-KWR

KEANU LEE,

Defendant.

**ORDER GRANTING UNITED STATES' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF VICTIMS' ALLEGED OTHER SEXUAL BEHAVIOR OR SEXUAL PREDISPOSITION**

**THIS MATTER** comes before the Court on the United States' Unopposed Motion *in Limine* Under Rule 412 to Exclude Evidence of Victims' Alleged Other Sexual Behavior or Sexual Predisposition (**Doc. 46**). Having reviewed the Motion and considered the applicable law, the Court finds that the Motion is well taken and, therefore, is **GRANTED**.

Defendant Keanu Lee is charged with six counts of crimes committed in Indian Country: (1) aggravated sexual abuse with his penis, (2) aggravated sexual abuse with his fingers, (3) kidnapping, (4) assault resulting in serious bodily injury, (5) sexual abuse with his fingers, and (6) aggravated sexual abuse with his penis. **Doc. 2** (Redacted Indictment). Counts One, Two, Three, and Four involve crimes allegedly committed by Defendant against Jane Doe 1, a child between the ages of twelve and fourteen years old. **Doc. 40 at 2, 10**. Counts Five and Six involve crimes allegedly committed by Defendant against Jane Doe 2, a child also between the ages of twelve and fourteen years old. ***Id.***

The Government seeks to exclude evidence of Jane Doe 1 and Jane Doe 2's sexual behavior or predisposition. **Doc. 46 at 1**. Although Defendant has not filed a notice under Federal Rule of

Evidence ("Rule") 412(c)(1), the Government has filed the Motion out of an abundance of caution. *Id.* Defendant initially indicated that he opposes the Motion, *see* **Doc. 46 at 1**, but in his response, he "takes no position" on the Motion, **Doc. 70 at 1**. According to Defendant, he does not intend to introduce evidence of the victim's other sexual behavior or sexual predisposition. ***Id.***

Unless an exception applies, "evidence offered to prove that a victim engaged in other sexual behavior" or "evidence offered to prove a victim's sexual predisposition" is not admissible. Fed. R. Evid. 412(a)(1)–(2). In a criminal case, a court may only admit:

> (A) evidence of specific instances of a victim's sexual behavior, if offered to prove that someone other than the defendant was the source of semen, injury, or other physical evidence;
>
> (B) evidence of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the defendant to prove consent or if offered by the prosecutor; and
>
> (C) evidence whose exclusion would violate the defendant's constitutional rights.

*Id.* at 412(b)(1).

According to the Government, none of the articulated exceptions apply in this case. **Doc. 46 at 3–5**. First, the Government does not intend to offer evidence of victims' injuries or other physical evidence that could be blamed on another perpetrator. ***Id.* at 3–4**. Next, to the extent that Defendant denies engaging in the sexual conduct with Jane Does 1 and 2, any evidence of sexual behavior would be of limited relevancy. ***Id.* at 4**. Moreover, Jane Does 1 and 2 could not have consented to the charged conduct because they were under the age of sixteen when the charged conduct occurred. ***Id.*** Finally, the exclusion of any such evidence would not violate Defendant's constitutional rights since he will be free to cross-examine Jane Does 1 and 2 at trial. ***Id.*** Since none of the exceptions apply, the Government contends that any mention of Jane Does 1 and 2's sexual behavior or sexual predisposition is barred under Rule 412. Again, Defendant takes no

position on the Government's Motion and does not seek to introduce evidence of Jane Does 1 and 2's sexual behavior or sexual predisposition. *See* **Doc. 40 at 1**.

Based on the record and a review of the relevant law, the Court agrees with the Government. There will be no need to introduce evidence to refute that someone else was the source of physical evidence, the charged offenses involve sexual activity with a child who was unable to engage in consensual sex, and there is no implication as to Defendant's constitutional rights. Accordingly, the exceptions under Rule 412(b) do not apply. Thus, there is no permissible reason for the introduction of any evidence of Jane Does 1 and 2's sexual behavior or sexual predisposition.

**IT IS THEREFORE ORDERED** that the United States' Unopposed Motion *in Limine* Under Rule 412 to Exclude Evidence of Victims' Alleged Other Sexual Behavior or Sexual Predisposition (**Doc. 46**) is **GRANTED**.

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE