**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

v. Case No. 1:25-cr-03108-KWR

KEANU LEE,

Defendant.

**ORDER GRANTING IN PART AND DENYING IN PART MOTION *IN LIMINE* TO LIMIT CROSS EXAMINATION OF JANE DOE 2**

**THIS MATTER** comes before the Court upon the United States' Opposed Motion *in Limine* to Limit Cross Examination of Jane Doe 2 **(Doc. 83)**, filed on August 20, 2026. For the reasons stated below, the Court **GRANTS in part** and **DENIES in part** the United States' motion.

**BACKGROUND**

Jane Doe 2 is an alleged victim in *United States v. Lee*. On July 28, 2026, Jane Doe 2 was charged with offenses committed in Indian County: assault with a dangerous weapon and assault resulting in serious bodily injury. The Government moves to limit the cross examination of Jane Doe 2 "regarding these pending assault charges to the impact on her testimony, if any, from the fact that she is being prosecuted by the United States in a separate matter." **Doc. 83 at 6.** The Government contends that Defendant should not be permitted to question Jane Doe 2 regarding the "details of the alleged assault" as these facts are improper to show the witness's untruthfulness under Federal Rule of Evidence ("Rule") 608. ***Id.* at 2–3**; Fed. R. Evid. 608**.** Additionally, the Government argues that factual details of the alleged assault have very minimal, if any, probative value and have the potential to confuse or mislead the jury under Rule 403. **Doc. 83 at 4–5**; Fed.

R. Evid. 403. Defendant argues against limiting cross-examination regarding the details of the charges as "the immunity being afforded . . . [to the witness] to testify in this case, and the potential consequences . . . [the witness] faces if convicted in that matter" are relevant to show bias. **Doc. 89 at 4–5.** Additionally, Defendant argues that the Confrontation Clause is implicated by excessive restrictions on impeachment regarding the witness's potential bias. ***Id.* at 4–5.** Both parties agree that impeachment regarding the *existence* of the charges pending against Jane Doe 2 is permissible. **Doc. 83 at 2; Doc. 89 at 7.**

## LEGAL STANDARDS

Rule 608 allows for cross-examination to show the witness's character or lack of character for truthfulness. Fed. R. Evid. 608. Inquiry pertaining to prior bad acts is permissible "in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b). Such inquires can mention "specific instances of conduct not resulting in conviction if such conduct is probative of the witness' character for truthfulness or untruthfulness." *Mason v. Texaco*, 948 F.2d 1546, 1556 (10th Cir. 1991) (citation modified). The Court has "broad discretion" to determine whether particular conduct is probative of truthfulness. *Id.* The probative value of questioning regarding bias can go too far and mislead or confuse the jury. Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."). Additionally, only relevant evidence is admissible. Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.").

In addition to the Federal Rules of Evidence, there is a constitutional dimension to requests to limit cross-examination in a criminal trial. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. "[T]he main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination." *Davis v. Alaska*, 415 U.S. 308, 315–316 (1974). "Cutting off *all* questioning . . . that a jury might reasonably have found furnished the witness a motive for favoring the prosecution in his testimony" violates the Confrontation Clause. *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986) (emphasis added). However, "trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about . . . harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *United States v. Clay*, 148 F.4th 1181, 1192 (10th Cir. 2025) (quoting *Delaware*, 475 U.S. at 679) (citation modified). The Confrontation Clause "does not guarantee a defendant the right to cross-examine witnesses 'in whatever way, and to whatever extent, the defense might wish.'" *United States v. Palms*, 21 F.4th 689, 702 (10th Cir. 2021) (quoting *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985)). "The touchstone for whether the Confrontation Clause has been satisfied is 'whether the jury had sufficient information to make a discriminating appraisal of the witness' motives and bias.'" *United States v. Mullins*, 613 F.3d 1273, 1283 (10th Cir. 2010) (quoting *United States v. Gault*, 141 F.3d 1399, 1403 (10th Cir. 1998)). "The Confrontation Clause does not require the admission of potentially inflammatory and irrelevant testimony when a defendant has other avenues to attack a witness's credibility." *United States v. Oliver*, 278 F.3d 1035, 1041 (10th Cir. 2001) (finding no Confrontation Clause violation when the district court did not permit impeachment pertaining to a plea bargain involving "the specific nature of charges pending against [the witness] . . . , the

specific amounts of jail time . . . , or the specific nature of the underlying charges"); *see United States v. Isabella*, 918 F.3d 816, 838 (10th Cir. 2019).

**DISCUSSION**

Here, the Court will not allow Defendant to cross-examine Jane Doe 2 as to the underlying facts of the pending charges. Questions regarding the underlying facts of Jane Doe 2's pending charges, including potential acts of violence, do not appear significantly related to any potential bias or untruthfulness in her testimony and would likely unfairly mislead the jury. *See United States v. Aranda-Diaz*, No. 12-2686, 2014 WL 459607, at * 9 (D.N.M. 2014). These factual details are of minimal relevance to whether she is biased or untrustworthy. Instead, the factual details underlying the pending charges are inflammatory and could distract the jury from the question of whether she is truthful in her testimony regarding Defendant.[1] Fed. R. Evid. 403. Relatedly, impeachment utilizing the names of the charged offenses is of minimal relevance to the witness's potential bias. The unfair prejudice of naming the offenses Jane Doe 2 is charged with substantially outweighs whatever minimal probative value exists. *Aranda-Diaz*, No. 12-2686, 2014 WL 459607, at * 10–11 (disallowing impeachment regarding the witness's violent criminal charges). Therefore, the Court will also not permit impeachment using the names of the charged offenses.

However, the Court will allow other possible avenues of questioning which will be sufficient for the jury to determine whether it believes the witness is biased or untruthful. Under

---

[1] This analysis also applies to Defendant's brief Rule 404(b) arguments for admission. As Defendant acknowledges it is "[s]imilar analysis under Fed. R. Evid. 404(b), because the substantive charges implicate a motive to fabricate in favor of the Government." **Doc. 89 at 6.** Admitting 404(b) evidence turns on "straightforward balancing of the evidence's probative value against considerations such as undue waste of time and confusion of the issues." *United States v. Montelongo*, 420 F.3d 1169, 1174 (10th Cir. 2005). As discussed above, the inflammatory nature of the facts underlying Jane Doe 2's charged offenses substantially outweighs its minimal probative value.

*Mullins*, the Court may exclude types of questions without violating the Confrontation Clause if the jury still will have "sufficient information to make a discriminating appraisal of the witness' motives and bias." *Mullins*, 613 F.3d at 1283. For example, the Court will permit impeachment questions that elicit whether Jane Doe 2 was charged with an offense, whether this offense was a felony, what any potential penalties are, and whether Jane Doe 2 has an immunity deal or other arrangement with the Government in connection with her testimony. These types of questions provide Defendant with ample opportunity to attempt to show the witness's bias without leading the jury away from the relevant issue of trustworthiness. *Oliver*, 278 F.3d at 1041. Specifically, questions eliciting the severity of any charged offenses, such as potential penalties, could pertain to the witness's bias, including any motivation to get a favorable plea deal with the Government in exchange for the witness's trial testimony.

Therefore, the Court grants in part the Government's Motion to Limit Cross Examination of Jane Doe 2 **(Doc. 83)** as it pertains to the underlying facts of Jane Doe 2's pending charges. The Court denies in part the Government's Motion as to limiting other impeachment relevant to the witness's bias.

**IT IS SO ORDERED.**

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE